**The STATE of Oklahoma, Appellant,**

**v.**

**Richard Allen VALENTINE, Appellee.**

**No. O–75–201.**

Court of Criminal Appeals of Oklahoma.

June 2, 1975.

Stephen C. Lewis, Dist. Atty., Rick W. Cornwell, Asst. Dist. Atty., for appellant.

OPINION

BUSSEY, Judge:

This is an appeal by the State of Oklahoma under 10 O.S., § 1123. On August 8, 1974, the District Attorney of Pottawantomie County filed a Petition in Juvenile Court, Pottawatomie County, State of Oklahoma, alleging that Richard Allen Valentine, herein after referred to as a juvenile, was a delinquent in that he had committed the crime of Murder in the Second Degree by effecting the death of one Lavonna Jean Goff on August 7, 1974. The District Attorney further prayed that the court certify the juvenile as an adult and he be held accountable for his acts.

On November 20th and 27th, 1974, hearings were held and at the conclusion, the State's request to have the juvenile certified was denied. The State appealed this Order of denial to this Court on January 22, 1975. This Court, in Case No. O–75–41, ordered the State's appeal dismissed for the reason that said Order of Denial was an interlocutory order which was not ap-

pealable by either party. On March 5, 1975, the State and juvenile stipulated, for the purpose of the adjudicatory hearing, that the allegations contained in the State's Petition asking for certification of juvenile, were true. Thereafter, the Juvenile Court ruled that juvenile was a delinquent as defined by the laws of the State of Oklahoma, and committed juvenile to the Department of Institutions, Social and Rehabilitative Services at Helena, Oklahoma. From this Order the State has appealed alleging that the trial court abused its discretion by refusing to certify juvenile to stand trial as an adult. The State further prays that this Court reverse and remand, and order that said juvenile be certified to stand trial as an adult. Title 10 O.S., § 1123 states:

"(a) Any interested party aggrieved by any order or decree may appeal to the Supreme Court in the same manner as other appeals are taken to the Supreme Court of this State.[1]

[1] See, 12 O.S., Ch. 15, App. 2 (1974 Supp.) Rule 1.10(c)(2) which gives this Court jurisdiction of this matter.

"(b) The pendency of an appeal thus taken shall not suspend the order of the District Court regarding a child, nor shall it discharge the child from the custody of that court or of the person, institution or agency to whose care such child shall have been committed, unless the Supreme Court shall so order. If the Supreme Court does not dismiss the proceedings and discharge the child, it shall affirm or modify the order of the District Court and remand the child to the jurisdiction of that court for supervision and care; and thereafter the child shall be and remain under the jurisdiction of the District Court in the same manner as if such court had made such order without an appeal having been taken." [Footnote added]

██ After careful review of § 1123, it appears that the relief requested by the State cannot be granted by this Court, as § 1123 allows this Court three alternatives:

1. Dismiss the proceedings and discharge the child;

2. Affirm and remand the child to the jurisdiction of the Juvenile Court for supervision and care;

3. Modify and remand the child to the jurisdiction of the Juvenile Court for supervision and care.

Nowhere does the statute give this Court authority to reverse the trial court and order that said child be certified to stand trial as an adult.

██ However, assuming arguendo that this Court could grant the State the relief prayed for, we have carefully reviewed the record before us and cannot say that the juvenile judge abused his discretion in refusing to certify juvenile in the instant case, nor do we find any abuse in the trial court's discretion in adjudicating juvenile a delinquent.

It is, therefore, our opinion that the trial court's Order adjudicating juvenile a delinquent and finding juvenile to come under the Juvenile Code should be, and the same is hereby, affirmed.

BRETT, P. J., and BLISS, J., concur.